IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Perry Stanley, et al.,          :

    Plaintiffs,              :

  v.                              :       Case No. 2:07-cv-0694

Martin Malone, et al.,          :       JUDGE HOLSCHUH

    Defendants.              :

ORDER

This case is before the Court to consider plaintiffs' motion for leave to amend the complaint.  The amended complaint identifies by name a large number of police officers identified in the original complaint as "John Does."  For the following reasons, the motion for leave to amend will be granted.

I.

The facts underlying the motion for leave to amend are not in dispute.  The original complaint was filed on July 20, 2007, and pleads a number of claims directly or indirectly related to a search of plaintiff Perry Stanley's property on July 20, 2005.  The complaint asserts both that the initial seizure of property was unlawful and that the defendants unlawfully maintained possession of the property without any legal justification for doing so.  A number of "John Doe" defendants were described in the complaint as members of SWAT teams from both the Columbus Police Department and the Franklin and Licking County Sheriff's Departments.

Plaintiffs served written discovery asking for the names of the involved officers.  Responses were served on December 31, 2007, and supplemented on March 31, 2008.  Plaintiffs then moved to amend the complaint to name approximately 52 new defendants.

The only previously-named defendant, Martin Malone, opposes the motion, contending that the amendment would be futile because the statute of limitations expired on the claims against these defendants two years from the date of the search, and the amendment does not "relate back" to the original filing date. Thus, the primary question to be addressed is whether the Court should refuse to allow the amendment on grounds of futility.

II.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)).  See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982).  Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously.  General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading.  They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility.  Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989).  The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment.  Id.

There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted.  A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally

insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, is it usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.  Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed." Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

III.

Defendants, citing to Cox v. Treadway, 75 F.3d 230 (6th Cir. 1995), note that the replacement of a "John Doe" defendant with the actual name of that defendant does not relate back to the original filing date of the complaint.  Because, in their view, all of plaintiffs' claims accrued on July 20, 2005, all of the claims against the newly-named defendants would be barred by the two-year statute of limitations applicable to §1983 claims.

Plaintiffs do not really take issue with the proposition that the claims asserted in the amended complaint against the newly-named defendants do not relate back to the initial filing date.  However, in their reply brief, they assert that the complaint asserts claims which are not, on their face, time-barred.  They note that they have pleaded not only that the initial seizure of their property was unlawful, but that the continued detention of that property was also unlawful, so that the defendants would have been responsible for property deprivations that continued until less than two years before the

-4-

amended complaint was tendered.  They also argue that their claim for unlawful seizure did not accrue at the time of the seizure, but became cognizable only when the state court determined, on April 3, 2007, that the seizure was unjustified.

In the Court's view, the statute of limitations issue raised by the defendants is not one which should be conclusively determined in the context of a motion for leave to amend the complaint.  Without holding that either of the plaintiffs' arguments would be sufficient to rescue the amended complaint from the limitations bar, there may well be factual issues surrounding the newly-named defendants' involvement in the continued withholding of the property which may need to be resolved before the Court can determine if the statute of limitations bars that claim.  Also, there may be factual issues concerning the nature of the state court proceedings and their relationship to any potential or pending criminal charges that might be material to the limitations question.  Although some or all of the claims in the amended complaint may ultimately be dismissed on limitations grounds, that is not so patently clear at this time that the Court should refuse to permit the complaint to be filed.  Rather, as noted above, this is one of those cases where a sound exercise of discretion favors allowing the complaint to be filed, with the understanding that defendants may respond either with a motion to dismiss (or, if there are factual matters needed to support the limitations defense, a motion for summary judgment) in lieu of an answer.

## IV.

Based on the foregoing, the motion for leave to amend (#13) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.  Plaintiffs are responsible for obtaining service, or waivers of service, from the new defendants in a timely manner.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration

by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge