# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| PERRY STANLEY, et al., | : | |
| Plaintiffs, | : | Case No. 2:07-cv-694 |
| v. | : | Judge Holschuh |
| MARTIN MALONE, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

Following a search and seizure of their property, Plaintiffs Perry and Deborah Stanley filed suit against Martin Malone, an officer of the Columbus Division of Police, John Doe officers of the Columbus Division of Police, and John Doe deputies of the Licking County Sheriff's Office (LCSO). An Amended Complaint substitutes for the John Doe defendants twenty-eight named officers of the Columbus Division of Police and twenty-four named deputies of the LCSO. Plaintiffs seek relief under 42 U.S.C. § 1983 for alleged violations of their constitutional rights. This matter is currently before the Court on the LCSO Defendants' motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. (Record at 63).

## I. Background and Procedural History

On July 20, 2005, officers of the Columbus Division of Police and the LCSO arrived at the Johnstown, Ohio home of Perry and Deborah Stanley. (Am. Compl. ¶ 10). The officers had a search warrant that named as its objects a 1967 Pontiac LeMans and a pickup tailgate colored "purple fade into blue." (Am. Compl. ¶ 12). According to the Amended Complaint, the officers

did not find these objects on Plaintiffs' property but continued to search their residence and other parts of their property for approximately six hours. (Am. Compl. ¶¶ 13-14). While inside Plaintiffs' home, the officers allegedly broke down doors that were not locked and damaged other items. (Am. Compl. ¶ 15). The officers also allegedly detained Plaintiffs during the search, keeping Perry Stanley in a police cruiser for several hours. (Am. Compl. ¶¶ 16-17). The officers seized, among other things, a 1987 Chevrolet Silverado pickup truck, a 1986 Chevrolet Monte Carlo, a 1970 Chevrolet Chevelle Convertible LS 6, a 1970 Chevrolet Nova, and a box of vehicle titles. (Am. Compl. ¶ 19). Deborah Stanley allegedly owned all of the seized vehicles with the exception of the Silverado. (Am. Compl. ¶ 20). No additional warrants were obtained for any of the items seized. (Am. Compl. ¶ 18). Plaintiffs allege that the officers had no reason to believe that any of the items seized were contraband or fruits of illegal activity. (Am. Compl. ¶ 21).

Plaintiffs also allege that, following the seizure, Columbus police officer Martin Malone held the illegally seized items for an extended period of time, and violated a court order requiring him to show cause for continuing to hold the Chevelle. (Am. Compl. ¶¶ 22-23). Approximately two years after the Chevelle was seized, the Licking County Court of Common Pleas determined that the vehicle was not illegal contraband and ordered Malone to return it to Plaintiffs. (Am. Compl. ¶¶ 24-25). It is unclear from the Amended Complaint how long the other seized items were held by Malone, but the Monte Carlo, the Nova, and the Chevelle were allegedly damaged due to improper storage. (Am. Compl. ¶ 32).

Plaintiffs maintain that all of the actions taken by the officers at Plaintiffs' residence on July 20, 2005, including "[t]he illegal expansion of the search, the seizure of items not listed in the search warrant, and the seizure of the Plaintiffs' persons," were coordinated beforehand.

(Am. Compl. ¶¶ 27-28). They further allege that Defendants conspired to violate their constitutional rights "by illegally expanding the search of the Plaintiffs' residence, illegally seizing the vehicles and titles . . . , and illegally seizing the Plaintiffs' persons and property" and that the actions taken by Defendants were done in furtherance of this conspiracy. (Am. Compl. ¶¶ 29-30).

On July 20, 2007, Plaintiffs filed suit against Martin Malone, John Doe officers of the Columbus Division of Police, and John Doe officers of the LCSO, seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of their Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Count 1 of the Amended Complaint alleges that Defendants violated Plaintiffs' rights by expanding their search of Plaintiffs' property beyond the scope of the search warrant. (Am. Compl. ¶ 35). Count 2 alleges that Defendants violated Plaintiffs' rights by illegally seizing the vehicles and vehicle titles and that Malone violated their rights by refusing to release the vehicles in a timely manner. (Am. Compl. ¶ 36). Count 3 alleges that Defendants violated Plaintiffs' rights by damaging their home during a "SWAT-style" search of the residence. (Am. Compl. ¶ 37). Count 4 alleges that Defendants violated Plaintiffs' rights by illegally detaining them during the expanded search. (Am. Compl. ¶ 38). Count 5 alleges that Defendants violated Plaintiffs' rights by conspiring to deprive them of their constitutional rights through an illegal search and seizure of Plaintiffs' property. (Am. Compl. ¶ 39). Plaintiffs seek compensatory and punitive damages as well as attorney fees and costs. They seek a separate award of compensatory and punitive damages against Martin Malone for illegally withholding and damaging their vehicles.

On June 23, 2008, Plaintiffs were granted leave to file an Amended Complaint which substituted the names of twenty-eight Columbus police officers and twenty-four LCSO deputies for the John Doe officers. On August 20, 2008, the LCSO Defendants filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1998). A complaint need not set down in detail all the particularities of a plaintiff's claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the complaint "must contain either direct or inferential

allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original). Bare assertions of legal conclusions are insufficient. See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). Likewise, "a formulaic recitation of the elements of a cause of action" is not enough. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Scheuer, 4l6 U.S. at 236; Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. The Court will indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997). However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis, 135 F.3d at 405.

The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUMProvident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

**III.    Analysis**

   **A.    Relation Back of the Amended Complaint to the Original Complaint**

The LCSO Defendants argue that the Amended Complaint must be dismissed because Plaintiffs' claim against them is time-barred. The statute of limitations for an action under 42 U.S.C. § 1983 is borrowed from the statute of limitations for personal injury actions from the State in which the action is filed. City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 123 n.5 (2005); Eidson v. State of Tenn. Dep't of Children's Services, 510 F.3d 631, 634 (6th Cir. 2007). In Ohio, the personal injury statute of limitations is two years. Ohio Rev. Code § 2305.10(A) (West 2009). Therefore, the statute of limitations for a § 1983 action filed in Ohio is two years. Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir. 2003) (citing Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989)).

All of the allegations against the LCSO Defendants pertain to events that occurred on July 20, 2005, the date of the search and seizure. The original Complaint was filed on July 20, 2007, on the very day the limitations period expired. The LCSO Defendants were not named in the original Complaint, and the Amended Complaint substituting them for certain "John Doe" defendants was not filed until June 23, 2008. Defendants argue that the action is therefore time-barred unless the Amended Complaint relates back to the original Complaint under Federal Rule of Civil Procedure 15(c). In pertinent part, Rule 15(c) provides:

   (1) An amendment to a pleading relates back to the date of the original pleading when: . . .

      (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
      (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the

period provided by Rule 4(m) for serving the summons and complaint, the
party to be brought in by amendment:
>  (i) received such notice of the action that it will not be prejudiced
>  in defending on the merits; and
>  (ii) knew or should have known that the action would have been
>  brought against it, but for a mistake concerning the proper party's
>  identity.

Fed. R. Civ. P. 15(c)(1).

The Sixth Circuit has held that the substitution of named defendants for "John Doe" defendants constitutes a change of parties. Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996). Therefore, an amended complaint making such a substitution will not relate back to the original complaint unless the requirements of Rule 15(c)(1)(C) are met. Id. One of these requirements is that the change in party must be due to a mistake concerning the proper party's identity. Moore v. Tennessee, 267 Fed. Appx. 450, 455 (6th Cir. 2008). However, "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." Id. Under Moore, Plaintiffs' previous lack of knowledge as to precisely which LCSO officers were involved in the search and seizure does not satisfy the mistaken identity requirement of Rule 15(c)(1)(C)(ii). Therefore, the Amended Complaint does not relate back and Plaintiffs' claim against the LCSO Defendants is time-barred.

In their memorandum in opposition to Defendants' motion to dismiss, Plaintiffs do not deny that their Amended Complaint does not relate back. Instead, they offer a number of arguments as to why the statute of limitations had not yet run when the Amended Complaint was filed. For the reasons stated below, the Court rejects each of these arguments.

### B. Time at Which Cause of Action Accrued: Discovery Rule

Plaintiffs argue that their cause of action did not accrue, and thus the statute of limitations did not begin to run, until April 3, 2007 when the Licking County Court of Common Pleas, in a related criminal case, granted their motion to suppress evidence or, in the alternative, until July 17, 2007, when the Licking County Court of Common Pleas granted their motion to compel return of property. According to Plaintiffs, because the property was seized pursuant to a facially valid warrant, they had no reason to know prior to 2007 that their rights had been violated. If the cause of action did not accrue until April 3, 2007 or July 17, 2007, then the Amended Complaint, filed on June 23, 2008, would be timely filed.

Although the limitations period for §1983 actions is borrowed from state law, federal law governs when the limitations period begins to run. Wallace v. Kato, 549 U.S. 384, 388 (2007). The limitations period for § 1983 actions begins to run when the cause of action accrues, i.e., when the plaintiff has "a complete and present cause of action." Id. (internal citation omitted). The cause of action accrues when the plaintiff knew or should have known of the injury which forms the basis for his or her claim. Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005); Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). This is known as the "discovery rule." The relevant inquiry is "what event should have alerted the typical lay person to protect his or her rights." Roberson, 399 F.3d at 794 (quoting Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000)).

Plaintiffs argue that because the officers searched and seized their property pursuant to a facially valid search warrant and because the Licking County Prosecutor's Office continued to insist that the Chevelle was being lawfully held as contraband, Plaintiffs were not aware until

8

later that the search and seizure exceeded the scope of the officers' authority. They contend that they did not discover that the search and seizure was illegal until the Licking County Court of Common Pleas granted their motion to suppress the evidence. Tellingly, Plaintiffs present no authority in support of their argument that the cause of action did not accrue until then.

As the Third Circuit has explained, "the discovery rule hinges upon actual, as opposed to legal, injury." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 n.9 (3d Cir. 1994). A cause of action accrues as soon as the plaintiff knows or should have known of the actual injury, regardless of when the plaintiff learns that the conduct at issue may constitute "an actionable legal wrong." Id. See also Campau v. Orchard Hills Psychiatric Ctr., 946 F. Supp. 507, 511 (E.D. Mich. 1996) ("[I]t is the plaintiff's awareness of *actual* injury, as opposed to *legal* injury, that suffices to trigger the running of the statutory period.") (emphasis in original); Shannon v. Recording Indus. Ass'n of Am., 661 F. Supp. 205, 210 (S.D. Ohio 1987) ("[T]o commence the running of the limitations period, it is only required that plaintiff know or have reason to know of the *injury* which is the basis of his action.") (emphasis in original).

In this case, Plaintiffs had a complete and present cause of action on July 20, 2005, the date of the search and seizure. Plaintiffs were present during the search and it was on that date that Defendants seized Plaintiffs and their personal property and allegedly damaged Plaintiffs' house. Because Plaintiffs had knowledge of these *actual* injuries on July 20, 2005, the statute of limitations started running on that date. See Spencer v. Conn., 560 F. Supp. 2d 153, 159 (D. Conn. 2008) ("[S]o long as the plaintiff knows or has reason to know of the search, a claim for an illegal search accrues, and a plaintiff has a complete and present cause of action, when the act of searching the property is complete."); Triestman v. Probst, 897 F. Supp. 48, 50 (N.D.N.Y.

9

1995) (rejecting plaintiff's claim that cause of action did not accrue until the court unsealed the search warrant and supporting affidavits and plaintiff learned that search was illegal); Johnson v. Cullen, 925 F. Supp. 244, 249 (D. Del. 1996) (noting that courts "have uniformly held that in section 1983 cases concerning deprivation of one's property, the violation of one's civil rights accrues when the property is seized").

The Court therefore concludes that Plaintiffs' claims accrued on July 20, 2005, the date of the search and seizure, and not on the date the state court finally determined that the seizure was illegal. Therefore, the Amended Complaint, filed on June 23, 2008, is barred by the two-year statute of limitations.

### C. Continuing Violation Doctrine

Plaintiffs also argue that the cause of action did not accrue until July 17, 2007, the date the vehicles were finally returned to them pursuant to a court order. They contend that Defendants' wrongful conduct continued long past the date of the search and seizure. According to the Amended Complaint, once the vehicles were seized, they were improperly stored in an impound lot for nearly two years. Plaintiffs allege that Defendants caused damage to the Chevelle convertible by storing it with the cloth top down and without a hood over the engine, and caused damage to the Monte Carlo and the Nova by failing to drain water from the radiators, causing the radiators to burst and the engine blocks to break.

Invoking the "continuing violation" doctrine, Plaintiffs argue that their § 1983 claims against the LCSO Defendants are not time-barred because these constitutional violations continued until the Chevelle was returned to them on July 17, 2007. The continuing violation doctrine, where applicable, operates to preserve claims that would otherwise be time-barred in

10

certain cases involving ongoing discrimination or ongoing violations of civil rights. Dixon v. Anderson, 928 F.2d 212, 216 (6th Cir. 1991). The continuing violation doctrine applies if: (1) the defendant's wrongful conduct continues after the precipitating event that began the pattern; (2) injury to the plaintiff continues to accrue after that event; and (3) further injury to the plaintiff was avoidable if the defendant had at any time ceased its wrongful conduct. Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 940 (6th Cir. 1999). Plaintiffs argue that these three prongs have been met because the allegedly unlawful retention of the vehicles continued well after the date of the search and seizure, the bulk of the damage to the vehicles occurred while they were stored in the impound lot, and further damage to the vehicles would have been avoidable if Defendants had ceased their wrongful conduct.

For several reasons, the Court finds that the continuing violation doctrine does not apply to Plaintiffs' claims. As an initial matter, the Court notes that the continuing violation doctrine typically arises in the context of employment discrimination cases and is rarely extended to § 1983 claims. Sharpe v. Cureton, 319 F.3d 259, 267 (6th Cir. 2003); LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1105 n.3 (6th Cir. 1995). Even if the court were to make an exception in this case, Plaintiffs' argument concerning the applicability of the continuing violation doctrine is still unpersuasive.

As the LCSO Defendants argue in their reply brief, the post-seizure retention of the vehicles does not give rise to a continuing violation. Herrin v. Dunham, No. 05-10245, 2008 WL 2718802 (E.D. Mich. Jul. 10, 2008), cited by Defendants, is almost directly on point. In Herrin, plaintiffs brought a claim against county and state officials who had seized plaintiffs' vehicles on July 13, 2001 and retained possession of them until February 2, 2005. They were

returned to plaintiffs after a judge determined that the seizure had been illegal. As in the instant case, plaintiffs' property was allegedly damaged due to improper storage. Plaintiffs filed a § 1983 suit on September 15, 2005. In response to defendants' argument that the claim was time-barred, plaintiffs invoked the continuing violation doctrine and argued that the claim did not accrue until February 2, 2005 when the property was returned to them. The court rejected plaintiffs' argument, holding that the cause of action accrued on the date of the seizure. The court noted:

> It is the illegal seizure that triggered this claim, even though the effects of those police actions may have continued into the future. Courts must take note of "the subtle difference between a continuing violation and a continuing effect of a prior violation."

Herrin, 2008 WL 2718802, at *7 (quoting Trzebuckowski v. City of Cleveland, 319 F.3d 853, 858 (6th Cir. 2003)). See also Tolbert, 172 F.3d at 940 ("[A] continuing violation is occasioned by continued unlawful acts, not continual ill effects from an original violation.") (quoting National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991)).

Plaintiffs argue that Defendants' continued retention of the Chevelle in derogation of court orders and Defendants' misrepresentations concerning the alleged contraband status of the vehicles constitute "discrete constitutional violations," bringing their claims within the scope of the continuing violation doctrine. (Mem. in Opp'n at 3). The Court rejects this characterization. As in Herrin, it was the allegedly unlawful seizure of the vehicles that triggered the § 1983 claim. Defendants' continued retention of the seized vehicles and any damage that occurred to those vehicles while they were subsequently stored in the impound lot are simply continuing ill effects of the earlier seizure. As such, the continuing violation doctrine does not apply to save Plaintiffs' claim. See MacNamara v. Hess, 67 Fed. Appx. 139, 143-44 (3d Cir. 2003) (rejecting

plaintiff's argument that defendant's retention of property was akin to a continuing violation so as to delay the date of accrual, and holding that "the proper focus for accrual purposes is on the time of the alleged unlawful acts, 'not upon the time at which the *consequences* of the acts became most painful'") (quoting Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (emphasis in original)); Shannon, 661 F. Supp. at 211 ("The fact that defendants retained the seized property is merely a consequence of the alleged illegal seizure and any injuries sustained by plaintiffs stem from that single unlawful act.").

In their reply brief, the LCSO Defendants also argue that even if the continuing violation doctrine applied to this set of facts, it would toll only the claims brought against Defendant Martin Malone. Plaintiffs have alleged that LCSO Defendants were involved in the search and seizure that took place on July 20, 2005, but have not alleged that the LCSO Defendants engaged in any unconstitutional conduct after that date. Only Defendant Martin Malone is alleged to have continued to hold the vehicles (Am. Compl. ¶¶ 22-25, 36), and in their prayer for relief, Plaintiffs seek a separate award of damages against Malone "for illegally withholding and damaging Plaintiff's vehicles." The LCSO Defendants argue that because Plaintiffs have not alleged that they engaged in any unconstitutional conduct after the date of the initial search and seizure, the continuing violation doctrine cannot be applied to toll the statute of limitations as to the claims brought against them.

In a sur-reply, Plaintiffs respond with two arguments, both meritless. First, they note that the Amended Complaint alleges that the "actions taken by Defendants and described in this Complaint were done as part of a conspiracy in which all of the Defendants participated" and that all acts alleged in the Amended Complaint were done in furtherance of that conspiracy to

deprive Plaintiffs of their constitutional rights. (Am. Compl. ¶ 30). According to Plaintiffs, Malone's post-seizure conduct is part of that conspiracy. They also note that the Amended Complaint alleges that "Defendants" caused damage to the vehicles. (Am. Compl. ¶ 32).

In the Court's assessment, when viewed in light of the other, much more specific allegations contained in the Amended Complaint, these general allegations are insufficient to pull Malone's allegedly wrongful conduct with respect to improper storage of the vehicles within the scope of the alleged conspiracy. According to the Amended Complaint, the conspiracy extended only to Defendants' conduct on July 20, 2005:

> 27. The actions taken at the Plaintiffs' residence on July 20, 2005 were coordinated beforehand by the Defendants.
>
> 28. The illegal expansion of the search, the seizure of items not listed in the search warrant, and the seizure of Plaintiffs' persons was discussed among the Defendants and a plan was developed by the Defendants prior to the search being illegally expanded and prior to the illegal seizures of the Plaintiffs' property and persons.
>
> 29. The Defendants conspired to violate Plaintiffs' rights . . . by illegally expanding the search of the Plaintiffs' residence, illegally seizing the vehicles and titles . . ., and illegally seizing the Plaintiffs' persons and property . . . .

(Am. Compl. ¶¶ 27-29). Likewise, the claim for conspiracy alleges that Defendants conspired "to deprive the Plaintiffs of their rights under the United States Constitution by illegally searching their property, and illegally seizing their property and persons." (Am. Compl. ¶ 39).

All of the objectives of the conspiracy as pleaded in the Amended Complaint were accomplished on July 20, 2005. There is no mention in the Amended Complaint of any agreement concerning the storage of those vehicles once they were seized, and no mention of any agreement to store the vehicles in a manner that would cause them to be damaged.

14

Moreover, although paragraph 32 of the Amended Complaint generally alleges that "Defendants" caused damage to the vehicles, elsewhere in the Amended Complaint, Plaintiffs allege that it was only "Defendant Martin Malone" who was responsible for continuing to hold and refusing to release the vehicles. (Am. Compl. ¶¶ 22-25). In addition, in their prayer for relief, Plaintiffs demand a separate judgment against Martin Malone "for illegally withholding and damaging Plaintiffs' vehicles." In short, the scope of the conspiracy, as pleaded in the Amended Complaint, does not extend beyond conduct that occurred after the July 20, 2005 search and seizure. Therefore, even if the continuing violation doctrine applied, it would not operate to save Plaintiffs' claims against the LCSO Defendants.

The second argument made by Plaintiffs in their sur-reply also lacks merit. They argue that their injuries would have ceased to accrue had the LCSO Defendants come forward at any time to insist that the vehicles be stored properly or to inform the relevant authorities of the illegal nature of the seizure. Essentially, Plaintiffs argue that the LCSO Defendants' silence constituted a continuing violation which did not end until the vehicles were returned. The Court rejects this argument as well. The Sixth Circuit has explicitly held that "[p]assive inaction does not support a continuing violation theory." Eidson, 510 F.3d at 635; Tolbert, 172 F.3d at 940.

For all of these reasons, the Court finds that the continuing violation doctrine does not apply. Plaintiffs' cause of action against the LCSO Defendants accrued on July 20, 2005, the date of the search and seizure, and the statute of limitations began to run on that date. The Amended Complaint, substituting the LCSO Defendants for the John Doe defendants, was not filed until June 23, 2008, and does not relate back. All claims against the LCSO Defendants are therefore barred by the two-year statute of limitations.

## IV. Conclusion

Based on the foregoing, the Court finds all claims against the LCSO Defendants to be time-barred and accordingly **GRANTS** Defendants' motion to dismiss the Amended Complaint. (Record at 63).

**IT IS SO ORDERED.**

Date: February 26, 2009

**/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court